UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BEECHER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNION SUPPLY DIRECT, INC.,<br><br>　　　　Defendant. | No.  2:21-cv-1883 AC P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

　　　　Plaintiff, a former state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2.  The  matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　For the reasons stated below, the undersigned will recommend that plaintiff's request to proceed in forma pauperis be denied.  It will also be recommended that this matter be summarily dismissed for lack of jurisdiction.

　　　　I.　　IN FORMA PAUPERIS APPLICATION

　　　　"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); see, e.g., Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (permitting denial of in forma pauperis application

1

based on unmeritorious complaint). As discussed below, this action is without merit. Accordingly, it will be recommended that plaintiff's application to proceed in forma pauperis be denied.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## III. THE COMPLAINT

Plaintiff, who was incarcerated at Kern Valley State Prison ("KVSP"), brings this lawsuit against Union Supply Direct, Inc. ("USDI"), a vendor approved by the California Department of

1  Corrections and Rehabilitation ("CDCR"), for breach of contract and unfair business practices.
2  ECF No. 1 at 1, 2. Plaintiff alleges that in December 2020, he mailed his sister two quarterly
3  package order forms that were to be fulfilled by defendant. Id. at 2-3. Each of the forms and/or
4  the items listed on the forms[1] was valued at over $200.00. See id. According to plaintiff, his
5  sister received the forms, obtained two postal money orders in their respective amounts, and then
6  mailed both the forms and the money orders to defendant at what was presumed to be the proper
7  address. ECF No. 1 at 3-4.
8      Weeks passed without the two packages being received within the standard four-to-six-
9  week period. ECF No. 1 at 3-4. After writing to defendant several times with no response,
10  plaintiff learned that defendant had moved its warehouse and customer service addresses to
11  different locations. Id. Plaintiff's sister was told that the matter would be resolved. ECF No. 1 at
12  4. However, although defendant cashed both money orders, at the time of the filing of the
13  complaint, the packages had not been received. Id.
14      Plaintiff alleges that defendant has refused to send the two packages, and has not replied
15  to his letter of inquiry. ECF No. 1 at 4-5. He contends that defendant's failure to send the
16  packages constitutes a breach of express and implied contract and constitutes unfair business
17  practices under California Civil Code § 3500. Id. at 5.
18      IV.   DISCUSSION
19      This action must be dismissed in its entirety for lack of jurisdiction. To establish federal
20  jurisdiction, Article III of the Constitution requires a live case or controversy that arises under the
21  Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; United States v. Salerno,
22  481 U.S. 739, 758 (1987); see Lujan v. Defenders of Wildlife, 504 U.S. 555, 590 (1992); see also
23  generally Jackson v. California Dep't of Mental Health, 399 F.3d 1069, 1071 (9th Cir. 2005). If
24  jurisdiction does not exist at the time the action is commenced, the court has no power to do
25  anything other than dismiss the action. Morongo Band of Mission Indians v. California State
26  ////
27
28  [1] It is unclear in the complaint precisely what plaintiff is alleging here.

3

Board of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988); Rivera v. Freeman, 469 F.2d 1159, 1162-63 (9th Cir. 1972).

Plaintiff's only jurisdictional allegation is that jurisdiction lies in the California superior court. Id. ECF No. 1 at 1. His sole claim arises exclusively under state law. ECF No. 1 at 1, 5 (alleging breach of contract and unfair business practices, citing California Civil Code § 3300). Plaintiff neither implies any federal claim, nor alleges any facts that might support a conclusion that defendant was acting under color of state law such that it might be sued under the civil rights statute. Absent diversity jurisdiction or the presence of related federal claims, neither of which is present here, this court has no authority to hear state law claims. 28 U.S.C. §§ 1331, 1332.

Although leave to amend should be freely given under Rule 15(a)(2), the futility of amendment is sufficient grounds for denial. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); Carrico v. City & County of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011). Here, because the nature of the dispute is governed by state law and plaintiff has affirmatively alleged that the state courts have jurisdiction, amendment would be futile. Accordingly, the complaint should be summarily dismissed and plaintiff's application to proceed in forma pauperis should be denied. See Tripati, 821 F.2d at 1370.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED;

2. This action be SUMMARILY DISMISSED for lack of jurisdiction; and

3. This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 11, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE